JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMESALES, INC., | CASE NO. CV 08-08607 MMM (FMOx) |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION |
| LOWANDA DENISE FRIERSON; and DOES 1 to 6, inclusive, | |
| Defendants. | |

On December 12, 2008, plaintiff Homesales, Inc. filed this unlawful detainer action against *pro se* defendant Lowanda Denise Frierson in Los Angeles Superior Court. Frierson timely removed. Homesales has now moved to remand the action to state court, asserting that the court lacks subject matter jurisdiction.[1]  No opposition has been filed.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds that this matter is appropriate for decision without oral argument.  The hearing scheduled for February 23, 2009 is vacated and taken off calendar.

---

[1] See Plaintiff's Notice of Motion and Motion to Remand ("Homesales' Mot."), Docket No. 5 (Jan. 22, 2009).

## I. FACTUAL BACKGROUND

In its complaint, Homesales alleges that it purchased the property located at 4839 West 130th St., Hawthorne, California 90250 ("the property") at a trustee's sale following foreclosure proceedings on or about November 4, 2008.[2] On December 3, 2008, Frierson was served with written notice that Homesales' title in the property had been perfected and that those occupying the property would have to quit the premises and deliver possession of them to Homesales within three days.[3] After this period passed, Frierson remained in possession of the property without Homesales' permission or consent.[4] Consequently, Homesales filed an unlawful detainer action on December 12, 2008. Its complaint contains a single state law cause of action and specifically alleges that the amount of damages sought does not exceed $10,000. Frierson removed, alleging that Homesales had violated the Real Estate Settlement Procedure Act ("RESPA") and the federal Truth In Lending Act ("TILA").[5]

## II. DISCUSSION

### A. Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[2] Complaint, ¶¶ 1, 5. See also Declaration of Randall D. Naiman ("Naiman Decl."), Exh. A ("Trustee's Deed Upon Sale").

[3] Complaint, ¶ 6.

[4] *Id.*, ¶¶ 8, 9.

[5] See Notice of Removal of Action Pursuant to 28 U.S.C. §§1331, 1441(b), and 1446, ("Notice of Removal") Docket No. 1 (Dec. 30, 2008).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.* at § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that the plaintiff has either alleged a federal claim (*American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)), a state cause of action that requires resolution of a substantial issue of federal law (*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921)), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field (*Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

Since a defendant may remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). It is not enough for removal purposes that a federal question may arise in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal

3

question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

The court may remand removed cases for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

**B.   Whether the Court Has Subject Matter Jurisdiction**

In her notice of removal, Frierson contends that the court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441.[6] Specifically, she contends that Homesales' claim arises under the laws of the United States because her answer alleges RESPA and TILA violations.[7]

It is undisputed, however, that Homesales' complaint does not plead a federal cause of action. As noted, a claim "arises under" federal law only if a federal question appears on the face of plaintiff's complaint. Assuming only state law claims are pled, removal jurisdiction is lacking, even if Frierson wishes to assert a defense based exclusively on federal law.[8] See, e.g., *U.S.*

---

[6]Notice of Removal, ¶ 1.

[7]*Id.*, ¶ 6.

[8]The "artful pleading" doctrine prevents a plaintiff from defeating removal of a legitimate federal claim by attempting to disguise it as one arising under state law. See, e.g., *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2 (1981) ("As one treatise puts it, courts 'will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum . . . [and] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization" (quoting 14 C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3722 p. 564-66 (1976) (citing cases) (footnote omitted))). The artful pleading doctrine also applies where a state law claim is completely preempted by federal law. See *Caterpillar*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law"); *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987) ("A traditional example of the artful pleading doctrine is one in which the defendant has a federal preemption defense to a state claim and federal law provides a remedy").

The "artful pleading" doctrine provides no basis for removal here. An unlawful detainer action is a true state law claim, and neither RESPA nor TILA completely preempts state law claims. See 12 U.S.C. § 2616 ("[RESPA] does not annul, alter, or affect, or exempt any person subject to the provisions of this chapter from complying with, the laws of any State with respect

*Nat'l Ass'n v. Almanza*, No. 1:09-CV-28 AWI DLB, 2009 WL 161082, *2 (E.D. Cal. Jan. 22, 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question"); *Wood v. Option One Mortg. Corp.*, 580 F.Supp.2d 1248, 1259 (N.D. Ala. 2008) (holding that the possibility of a viable defense under RESPA does not confer federal question jurisdiction). Because Homesales' complaint raises only state law issues, Frierson's removal based on federal question jurisdiction was improper. Accordingly, the court must remand the case to state court.

### III. CONCLUSION

For the foregoing reasons, the court grants plaintiff's motion and remands the action to the Los Angeles Superior Court forthwith.

DATED: February 11, 2009_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

to settlement practices, except to the extent that those laws are inconsistent with any provision of this chapter, and then only to the extent of the inconsistency"); 15 U.S.C. § 1610(b) (same for TILA); accord *McCrae v. Commercial Credit Corp.*, 892 F.Supp. 1385, 1386-87 (M.D. Ala. 1995) ("The court recognizes that the preemptive force of some federal statutes can provide a legal basis for removal of a case from state to federal court even if a plaintiff has framed the complaint to allege violations of only state law. . . . This 'complete pre-emption' doctrine, however, does not apply to the TILA. The TILA does not contain a civil enforcement provision that requires complete preemption of law, nor is there any other manifestation that Congress intended preemption").

5